IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 106-156 |
| | ) | |
| PRIME KIMBLE, JR. | ) | |

**ORDER**

Before the Court the pre-trial motions filed by Defendant Prime Kimble, Jr. The United States of America, by and through its attorney, Edmund A. Booth, Jr., Acting United States Attorney for the Southern District of Georgia, and Patricia Green Johnson, Assistant United States Attorney, has filed a response to the motions.

## GENERAL DISCOVERY MOTION

As to the general discovery requests by Defendant Kimble, the government responds that it has provided Defendant "open file" discovery in this case. The government has provided Defendant with discovery materials consisting of the investigative reports, scientific reports, and other material documents (attorney and agent work product excepted). All known statements by Defendant have also been produced, as has his criminal record. Accordingly, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's investigative file pertaining to this case renders the general discovery requests **MOOT**. (Doc. no. 13).

However, to ensure that Defendant's requests are in fact covered by the government's disclosures, the Court hereby requires counsel for Defendant to submit, not later than five (5) days from the date of this Order, a written statement describing existing disputes or unresolved items, if any, that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

## MOTION FOR DISCLOSURE OF EXCULPATORY AND IMPEACHING INFORMATION

Defendant has filed a motion seeking the disclosure of exculpatory and impeaching information in accordance with the principles of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972). The Court finds that to some extent, Defendant's request exceeds the scope of <u>Brady</u>. <u>Brady</u> material includes information that is favorable to a defendant and material to the issues of guilt or punishment. <u>Brady</u>, 373 U.S. at 87; <u>United States v. Agurs</u>, 427 U.S. 97 (1976). This motion is **GRANTED** (doc. no. 14) to the extent that the government must provide all <u>Brady</u> material to Defendant within five

(5) days of the date it is received or its existence becomes known. With regard to impeaching information, the government must disclose this information seven (7) days prior to trial.

## MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENTION TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION

Defendant Kimble filed this motion to require the government to give notice of its intention to use any evidence in its evidence-in-chief at trial which Defendant is entitled to discover under the Federal Rules of Criminal Procedure. Defendant seeks an opportunity to suppress any such evidence, attack the relevancy and materiality of such evidence, and review such evidence. Rule 12 of the Federal Rules of Criminal Procedure is not a discovery Rule. Furthermore, the Rule's purpose is limited to providing notice of discoverable evidence that a defendant may wish to suppress. To require the government to give notice of all the evidence to be used in the case would bring the government's investigation to an end. The government's response indicates that it is providing "open file" discovery including documents and things not required to be disclosed pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure. This should effectively eliminate any possibility of surprise.

It must be remembered that pursuant to Rule 12(b)(4)(B), "the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." It is clear that what the government is required to disclose early on in the pendency of the case is evidence gathered from searches and seizures including electronic monitoring, and statements and confessions,

3

all of which may be subject to suppression upon motion by Defendant. In essence the Rule requires the government to make early disclosure of these matters to allow the Court to determine any suppression motions prior to trial thereby avoiding needless delay during trial. The government's "open file" discovery policy in this case addresses all these concerns. The government is reminded that its duty to disclose is a continuing one, and any "arguably" suppressible evidence coming into its possession after its initial discovery disclosures must be disclosed as soon as practicable. Accordingly, Defendant's motion is **MOOT**. (Doc. no. 15).

## PRELIMINARY MOTION TO SUPPRESS

This motion was filed to preserve Defendant Kimble's right to particularize the motion at a later date. (Doc. no. 17). However, a motion may not be filed outside the deadlines set by this Court at arraignment except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); see Fed. R. Crim. P. 12(c), (e). Moreover, the motion was filed without the supporting affidavit required by Loc. Crim. 12.1. On January 22, 2007, the Court issued an order instructing Defendant that if he intended to particularize his motion with an affidavit, he must do so within ten (10) days. (See doc. no. 25). Defendant failed to submit his affidavit. Therefore, this motion is a **NULLITY**. Should Defendant desire to file a particularized motion at a time subsequent to this Order, he must adequately explain his failure to timely file the same.

4

## MOTION TO PRESERVE EVIDENCE, AGENTS' ROUGH NOTES, REPORTS, MEMORANDA AND TAPE RECORDINGS

Defendant Kimble filed a motion to preserve evidence, including rough notes of agents. (Doc. no. 18). Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The small inconvenience to the government is outweighed by Defendant's interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. The motion is **GRANTED**. The government is required to preserve all evidence in this case.

## MOTIONS FOR NOTICE BY THE GOVERNMENT OF THE INTENTION TO RELY UPON OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Defendant Kimble filed two motions seeking the government to give notice of its intention to use at trial evidence of "other crimes, wrongs or acts" under Fed. R. Evid. 404(b). The Local Rules provide:

> As soon as practicable after the defendant's arraignment, and in any event no more than twenty (20) days after the arraignment (unless the Court directs otherwise), the United States Attorney shall serve upon counsel for the defendant a written notice of any direct or circumstantial evidence of other crimes, wrongs, or acts of the defendant, or specific instances of conduct or criminal convictions of the defendant, which the Government intends to offer into evidence through either Fed. R. Evid. 404(b) or under the theory that the evidence is so inextricably intertwined with defendant's charged offense that it should be admissible.

Loc. Crim. R. 16.2; <u>see also</u> Loc. Crim. R. 12.3.

In its Arraignment Order dated January 5, 2007 (doc. no. 8), the Court directed that if the government intends to use 404(b) evidence, it must make the required disclosure in

5

accordance with the Local Rules. Accordingly, these motions requesting 404(b) disclosures, which the government has already been directed to make, are **MOOT**. (Doc. nos. 19, 20).

### MOTION TO RESERVE THE RIGHT TO FILE ADDITIONAL MOTIONS

This motion filed by Defendant Kimble is **DENIED**. (Doc. no. 21). The Court ordered that all motions in this case were to be filed within ten (10) days of the date of arraignment and that untimely motions would not be considered absent a showing of good cause for failure to file within the time set by the Court. This Order, however, does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

### MOTION TO ALLOW PARTICIPATION IN VOIR DIRE

This motion is **GRANTED** (doc. no. 22), subject to the following terms and conditions:

(a) Unless otherwise directed by the presiding District Judge, counsel must submit to the Court, not later than seven (7) days prior to trial, a list of questions which he desires to ask prospective jurors;

(b) Counsel shall take notes and avoid asking duplicative questions, unless additional clarification from a prospective juror is needed; and

(c) Counsel must address the array in the same order which the Court will later formulate for use at trial during the cross-examination of the government's witnesses.

### MOTION FOR RECIPROCAL DISCOVERY

This motion filed by the government seeks reciprocal discovery from Defendant Kimble under Rule 16(b) of the Federal Rules of Criminal Procedure. (Doc. no. 26). In light

6

of the government's willingness to provide "open file" discovery, it is entitled to this information. See Fed. R. Crim. P. 16(b)(1). Accordingly, the motion is **GRANTED**. (Doc. no. 26).

SO ORDERED this 10th day of May, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA    *

          vs.    *      CASE NO. 1:06-cr-156

PRIME KIMBLE, JR.    *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as order dated 5/10/07, which is part of the official records of this case.

Date of Mailing: 5/10/07
Date of Certificate: 5/10/07

SCOTT L. POFF, CLERK

By ___L. [signature]___

NAME:
1. Prime Kimble, Jr.
2. Martin C. Puetz
3.
4.
5.
6.
7.

Cert/Copy
- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds